UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INTERNATIONAL CHEMICAL CORPORATION,
d/b/a Innovative Chemical Corporation,
JAMES TIMLIN,
WOODRIDGE SPECIALTY PRODUCTS CORP.,                 **DECISION**
                                                       **and**
                           Plaintiffs,         **ORDER**[1]

KAVINOKY COOK, LLP,                                  **09-CV-359S(F)**

      Proposed-Plaintiff-Intervenor,
  v.

NAUTILUS INSURANCE COMPANY,

                         Defendant.
_____

APPEARANCES:   SMITH, MURPHY & SCHOEPPERLE, LLP
                    Attorneys for Plaintiffs
                    FRANK G. GODSON, of Counsel
                    Ellicott Square Building
                    295 Main Street, Suite 786
                    Buffalo, New York    14203-2580

                    COUGHLIN DUFFY, LLP
                    Attorneys for Defendant
                    JUSTIN N. KINNEY, of Counsel
                    88 Pine Street, 5th Floor
                    New York, New York   10005

                    KAVINOKY & COOK, LLP
                    Attorneys for Proposed Intervenor
                    JAMES J. NAVAGH, of Counsel
                    726 Exchange Street, Suite 800
                    Buffalo, New York    14210

---

[1] Motions to intervene are considered as non-dispositive. *See The Canadian St. Regis Band of Mohawk Indians v. The State of New York*, 2005 WL 2573468 *3 (N.D.N.Y. Oct. 11, 2005) (citing *Ohse v. North American Van Lines, Inc.*, 1998 WL 809510 *1 (N.D.N.Y. Oct. 30, 1998) (citing *United States v. Certain Real Property and Premises Known as 1344 Ridge Road, Laurel Hollow, Syosset, New York*, 751 F.Supp 1060, 1061 (E.D.N.Y. 1989))).

**JURISDICTION**

On April 27, 2009, Hon. William M. Skretny entered an order referring all non-dispositive matters to the undersigned (Doc. No. 6). The matter is presently before the court on the motion by Kavinoky & Cook, LLP ("Kavinoky") seeking an order granting to Kavinoky status as an Intervenor in this action pursuant to Fed.R.Civ.P. 24 (Doc. No. 32) ("Kavinoky's motion").

**BACKGROUND and FACTS[2]**

This declaratory judgment action was removed from New York Supreme Court, Erie County by Notice of Removal filed April 16, 2009 (Doc. No. 1). By papers filed May 16, 2009, Plaintiff moved for summary judgment declaring Defendant was obliged to provide indemnification and a defense to Plaintiffs in connection with an action filed in 2006, previously pending against Plaintiffs and others in the Northern District of Illinois ("the underlying action").

Kavinoky seeks to intervene as a party plaintiff in this action in order to secure payment of approximately $150,000 for unpaid legal services rendered in defending Plaintiffs, particularly Defendant Innovative Chemical Corporation ("Innovative"), against various violations of federal and state law asserted against Plaintiffs in the underlying action based on allegations of misappropriation of proprietary rights, breach of contract, and tortious interference. Plaintiffs paid Kavinoky approximately $32,000 in connection with providing Plaintiffs' defense in the underlying action and that action has been

---

[2] Taken from the pleadings and papers filed in this action.

terminated without Plaintiffs being required to make any payment to the plaintiffs in such action.  However, because of recent adverse business conditions, Plaintiffs have been unable to pay Kavinoky the balance of its bill for services rendered to Plaintiffs in the underlying action.

In the instant action, Plaintiffs seek a declaratory judgment that Defendant owed Plaintiffs a defense and indemnification on the claims asserted against Plaintiffs, which Defendant disclaimed, in the underlying action.  Kavinoky represents that (i) Plaintiff Innovative assigned its interest in this action to Kavinoky on February 4, 2010, (ii) Innovative assigned its assets, including Innovative's interest in this action, to its primary creditor, M&T Bank, on February 24, 2010, (iii) a principal of Innovative, Mr. Bruce Guard, has repudiated the earlier assignment by Innovative to Kavinoky, and that (iv) because Innovative, as its client in the underlying action has, for financial reasons, ceased operations, Kavinoky's ability to obtain payment of its unpaid fees from Innovative has become impaired.

Kavinoky contends that even if Plaintiffs succeed in the instant coverage action, unless Kavinoky is permitted to intervene, it will be unable to obtain payment of its unpaid fees accrued as a result of its defense of Plaintiffs in the underlying action, as, according to Kavinoky, Defendant will make any payment owed to Plaintiffs to Plaintiffs' creditors.  Declaration of James J. Navagh (Doc. No. 41) ¶ 16.  Kavinoky further asserts that unless it is granted intervenor status in this action, as Plaintiffs have not paid Kavinoky the balance owed on Kavinoky's unpaid legal bill, should Plaintiffs prevail in this action, Defendant will not reimburse Plaintiffs for such amount and, as a result, Kavinoky will not be paid the amount it is owed by Plaintiffs despite Defendant's

obligation to defend Plaintiffs or reimburse Plaintiffs for the cost of defense in the underlying action. *Id.* ¶ 19. Kavinoky also maintains that Plaintiffs' repudiation of the assignment demonstrates Plaintiffs will not adequately represent Kavinoky's interest in obtaining payment. *Id*. ¶ 9. Plaintiffs and Defendant oppose Kavinoky's request. Summary judgment motions were filed by Plaintiffs and Defendant, on May 11 and July 8, 2010, respectively, and are awaiting decision by Hon. William M. Skretny, the District Judge assigned to this case.

## DISCUSSION

Relying on 28 U.S.C. § 1367, authorizing district courts to exercise supplemental jurisdiction ("§ 1367"), Kavinoky submits that as § 1367(a) extends supplemental jurisdiction to the claims of Kavinoky as a proposed intervenor based on an asserted "collision of interests" between Kavinoky, a New York resident and Defendant, an Arizona corporation, subject matter jurisdiction is available to support adjudication of Kavinoky's claim in this action. Kavinoky's Memorandum at 12-13 (quoting *American Mut. Liability Ins. Co. v. The Flintkote Co.*, 565 F.Supp. 843, 846 (S.D.N.Y. 1983) (quoting *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69 (1941))). Kavinoky also maintains that as there exists a common nucleus of fact between its claim for payment by Defendant, diversity of citizenship and thus subject matter jurisdiction is preserved. *Id.* at 13. Neither Plaintiffs nor Defendant address Kavinoky's assertion of supplemental jurisdiction over its intervenor claim. The court, notwithstanding, *see Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the

4

matter to the court's attention, the court has the duty to dismiss the action *sua sponte*."), finds Kavinoky's jurisdictional contention to be erroneous.

First, intervention under Fed.R.Civ.P. 24(a)(2) ("Rule 24(a)(2)") requires that an intervenor's "interest must be one on which an independent federal suit could be based." *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64-65 (1997); and *Korczak v. Sedeman*, 427 F.3d 419, 421-22 (7th Cir. 2005)). "The interest must be a claim to a legally protected right that is in jeopardy and can be secured by the suit." *Id.* (citing *Tachiona v. United States*, 386 F.3d 205, 211 (2d Cir. 2005); and *City of Cleveland v. Nuclear Regulatory Commission*, 17 F.3d 1515, 1516-17 (D.C. Cir. 1994) (*per curiam*)). In this case, as Kavinoky is not an insured under the insurance policy at issue in the instant action, its claim of a "legally protected right," *Aurora Loan Services, Inc.*, 442 F.3d at 1022, in the instant action arises not from the insurance policy but from a contract between Plaintiffs and Kavinoky for legal services rendered in defense of the underlying action.[3] Therefore, any "jeopardy," *Aurora Loan Services, Inc.*, 444 F.3d at 1022, to Kavinoky's right to obtain full payment for its defense services in the underlying action arises, if at all, not from Defendant's disclaimer of coverage, but from Plaintiffs' failure to pay Kavinoky the balance of its bill, thereby demonstrating a direct controversy with Plaintiffs, not Defendant, as to Kavinoky's claim for full payment. Thus, Kavinoky's claim, based on a "collision of interest," *Flintkote Co.*, 565 F.Supp. at 846, is one between two non-diverse parties, Kavinoky and its former clients, Plaintiffs, all New York

---

[3] Kavinoky does not include a copy of its retainer agreement with Plaintiffs.

residents, providing no interest for a suit in this court by Kavinoky based on diversity. *Aurora Loan Services, Inc.*, 442 F.3d at 1022.

Second, where, as here, intervention is sought by an intervenor as a plaintiff in order to prosecute in district court a claim against a non-diverse party, intervention may not be granted as such status is expressly prohibited by § 1367(b) (no supplemental jurisdiction over claims asserted by a proposed intervenor as "plaintiff[ ] under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [18 U.S.C.] Section 1332") (bracketed material added). As explained, *supra*, Kavinoky's claim is in substance one against Plaintiffs for full payment of Kavinoky's unpaid legal bill, and allowing its pursuit in this case under the guise of seeking coverage against Defendant for this claim is patently "inconsistent" with the requirements of this court's diversity jurisdiction under 18 U.S.C. § 1332. *See Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 560 (2005) ("Section 1367(b), which applies only to diversity cases, withholds supplemental jurisdiction over the claims of plaintiffs . . . who seek to intervene pursuant to Rule 24"). *See also Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 727 (2d Cir. 2000) (§ 1367 prohibits intervention by "absentees seeking to intervene as *plaintiffs* under Rule 24") (italics in original) (Sotomayor, J.).

Kavinoky relies on *The Flintkote, Co.*, 565 F.Supp. at 846-47 ("*Flintkote*"), Kavinoky's Memorandum at 12; however, as *Flintkote* was decided in 1983 and § 1367 was amended in 1990 to exclude plaintiffs as intervenors, Judicial Improvement Acts of 1990, Pub.L. No. 101-650, § 310, 104 Stat. 5089, *Flintkote* is inapposite. Thus, Kavinoky's request for intervention in order to obtain payment of its unpaid fees pursuant

to Rule 24(a)(2) or (b), *see Allapattah Services, Inc.*, 545 U.S. at 560 (no intervention pursuant to Fed.R.Civ.P. 24 to a plaintiff under § 1367), is foreclosed for lack of standing as there is no subject matter jurisdiction based on § 1367 for such request in this court.[4]

## CONCLUSION

Based on the foregoing, Kavinoky's motion (Doc. No. 32) is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2010
　　　　Buffalo, New York

---

[4] *Cooper v. Coregis Insurance Organization,* 125 F.3d 843 (2d Cir. 1997) (unpublished opinion), and *Counihan v. Allstate Ins. Co.*, 907 F.Supp. 54 (S.D.N.Y. 1995), relied upon by Kavinoky are not to the contrary. In *Cooper*, the question of supplemental jurisdiction was not raised; in *Counihan* the court's jurisdiction for intervention purposes was based on the Government's forfeiture claim and not diversity jurisdiction.